UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| § | Case No. 93-CR-00242-001 |
| vs. § | Judge Melinda Harmon |
| § | |
| JOHN C. RIDDLE, § | |
| Defendant § | |

<u>MOTION TO COMPEL ANSWERS TO DOCUMENTS
SERVED ON DEFENDANT JOHN C. RIDDLE</u>

Now comes Plaintiff the United States of America and files this its Motion to Compel Answers to Documents Served on Defendant John C. Riddle and moves for an entry of an Order to compel the defendant John C. Riddle to fully and completely answer the documents served on him through his attorney J. Michael Black on September 17, 2004, entitled as follows and attached as Exhibits to this Motion:

1) The United States of America's Post Judgment First Set of Written Interrogatories
2) The United States of America's Post Judgment First Request for Production
3) Financial Statement of Individual Debtor
4) Consent and Waiver for Disclosure of Tax Information
5) Form 8821 Tax Information Authorization
6) Form 4506 Request for Copy of Tax Return
7) Request for Social Security Earnings Information

<u>Background</u>

On April 7, 1995, Judgment in a criminal case was entered in favor of the United States and against John C. Riddle in the United States District Court for the Southern District of Texas, Houston Division, and the defendant John C. Riddle was ordered to pay restitution of $4,000,000.00 in the above-captioned case. The current amount due and owing as of this date is $3,999,950 plus accrued interest.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, the United States mailed its "Notice of Default & Request for Discovery" with attachments which was served on John C. Riddle through his attorney J. Michael Black on September 17, 2004.

By letter dated October 1, 2004, the United States wrote J. Michael Black, granting a two week extension for Mr. Riddle to answer the discovery requests dated September 17, 2004. On December 7, 2004, Leonard Simon, Riddle's current attorney for this matter, requested another extension until December 24, 2004, in order to answer the United States' discovery request.. On April 21, 2005, Leonard Simon, J. Michael Black and Mr. Riddle met with Mr. Claude Hippard, Chief of the United States Attorney's Financial Litigation Section, Jose Vela Jr., Assistant United States Attorney, and David Yonke, Attorney for the FDIC, at which time Mr. Simon stated that Mr. Riddle's responses would be delivered to the United States Attorney's Offices within two weeks. No such responses were received by the United States Attorney's Offices.

On October 31, 2006, the United States once again requested that John Riddle respond to the discovery requests as propounded. Letters were sent to his attorney Leonard H. Simon by Lindsey Fouts, Special Assistant United States Attorney. Mr. Simon represented to Mr. Fouts by telephone that he continued to represent Mr. Riddle.

On the date of filing of this Motion to Compel, no response has been received, nor have any emails or phone calls been received by the United States Attorney's Offices or the FDIC.

Procedure

Rule 69(a) of the Federal Rules of Civil Procedure (FRCP) permits a judgment creditor to obtain discovery from any person in the manner provided in the FRCP in aid of a judgment or execution.

Rule 26(a) FRCP provides that a party may obtain discovery regarding any matter that is relevant.

Rule 33 FRCP provides that any party may serve written interrogatories, that each interrogatory shall be answered separately and fully in writing under oath, unless objection is made to the interrogatory, in which event the objecting party shall state the reasons for objection and '...shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.' Further, the Rule states that any '... ground not stated in a timely object is waived unless the party's failure to object is excused by the court for good cause shown.' and that the party submitting the interrogatories may move for an order under Rule 37(a) FRCP with respect to any objection to or other failure to answer an interrogatory.

Rule 34 FRCP provides for the use of requests for production.

Rule 37 (a) (2) FRCP allows a party to move for a court order compelling an answer to discovery taken under Rule 33 or 34 when a party fails to comply with such discovery.

<u>Basis of Motion to Compel</u>

John C. Riddle has failed to timely answer the United States' discovery requests served on him. There is no just reason why this Court, in exercising its powers under Rule 37(a)(w) FRCP should not order John C. Riddle answer, fully and completely, the documents served on him, as John C. Riddle has waived any objections to those documents.

The undersigned certifies that either he or the Assistant United States Attorney has, in good faith, conferred with the attorney representing John C. Riddle in an effort to secure answers to the documents served on him as set out above.

Therefore, Plaintiff respectfully moves this Court for an Order requiring Defendant John

C. Riddle to answer fully and completely the documents served on him as described above.

Dated this the _____ day of _____, 2006.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

----S----
_____
Verne Rudebusch
Special Assistant United States Attorney
Texas Bar No. 17370800
1901 Pacific Ave., Room 3010
Dallas, Texas 75201
972-761-8137

## **CERTIFICATE OF SERVICE**

 I, Lindsey Fouts, certify that a true and correct copy of the foregoing <u>Motion to Compel Answers to Documents Served on John C. Riddle</u> with Exhibits was served as follows by mailing copies to the persons shown at the following addresses, CMRRR, and by United States Mail, first-class postage prepaid, on December ____, 2006:

| | |
|---|---|
| Leonard H. Simon<br><u>Counsel for John C. Riddle</u><br>Pendergraft & Simon L.L.P.<br>The Riviana Building<br>2777 Allen Parkway, Suite 800<br>Houston, Texas 77019<br>832.202.2810 (fax)<br>lsimon@pendergraftsimon.com | CMRRR # 7001 1940 0005 7034 9534 |
| J. Michael Black<br>Law Offices of J. Michael Black<br>1177 West Loop South, Suite 700<br>Houston, Texas 77027<br>713.759.9650 (fax)<br>mike_black@hardylawfirm.com | CMRRR # 7001 1940 0005 7034 9541 |
| <u>To Defendant by agreement with counsel</u><br>John C. Riddle<br>9243 Kenilworth Street<br>Houston, Texas 77024 | CMRRR # 7001 1940 0005 7034 9558 |
| John C. Riddle<br>3 Riverway, Ste. 2460<br>Houston, Texas 77056 | CMRRR # 7001 1940 0005 7034 9565 |

_____
Verne Rudebusch
Special Assistant United States Attorney

EXHIBITS

1) The United States of America's Post Judgment First Set of Written Interrogatories
2) The United States of America's Post Judgment First Request for Production
3) Financial Statement of Individual Debtor
4) Consent and Waiver for Disclosure of Tax Information
5) Form 8821 Tax Information Authorization
6) Form 4506 Request for Copy of Tax Return
7) Form SSA 7050 Request for Social Security Earnings Information

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | Case No. 93-CR-00242-001 |
| vs. | § | Judge Melinda Harmon |
| | § | |
| JOHN C. RIDDLE | § | |
| Defendant | § | |

### ORDER TO ANSWER DOCUMENTS SERVED ON DEFENDANT

Pursuant to Rule 69 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED THAT John C. Riddle** shall answer fully and completely, within twenty days of the date of service of this Order, each of the items contained within the documents that were served on defendant through his attorney Leonard Simon on October 31, 2006, entitled as follows:

1) The United States of America's Post Judgment First Set of Written Interrogatories
2) The United States of America's Post Judgment First Request for Production
3) Financial Statement of Individual Debtor
4) Consent and Waiver for Disclosure of Tax Information
5) Form 8821 Tax Information Authorization
6) Form 4506 Request for Copy of Tax Return
7) Request for Social Security Earnings Information

Such answers shall include items pertaining to all property, assets and interests claimed as community property or as separate property.

Dated this the _____ day of _____ 200___.

_____
UNITED STATES DISTRICT JUDGE